UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Ronald Prior )<br>    *Plaintiff* )<br>   )<br>v.    )<br>   )<br>Trans Union, LLC )<br>    *Defendant* )<br>Serve:    )<br>    The Prentice Hall Corp. System )<br>    421 West Main Street )<br>    Frankfort, KY 40601 )<br>   ) | Case No. 3:15-cv-832-CRS |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1. This is a complaint for damages for Defendant Trans Union, LLC's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Plaintiff Ronald Prior hopes to buy his own home. In order to take advantage of historically low interest rates, Mr. Prior recently applied for a home loan with Veterans United Home Loans. Mr. Prior was told that he did not qualify for a loan because of an unsatisfied judgment appearing in the public record section of his credit report that was negatively affecting his credit score and creditworthiness.

3. The news that he had an outstanding unpaid judgment against him upset and alarmed Mr. Prior. He immediately took proactive steps to pay off the judgment as soon as possible in order to qualify for the home loan. Mr. Prior eventually contacted undersigned counsel, who did a quick record search and determined that a judgment had been entered against Mr. Prior in the case of *Somerhill Capital v. Ronald Prior*, 10-C-011402 (Jefferson District Court of Jefferson County, Kentucky, entered Feb. 2, 2012). The docket sheet for the *Somerhill* case noted that the judgment had been satisfied and that Somerhill filed a Notice of Satisfaction in the case on August 9, 2012.

4. With Mr. Prior's permission, undersigned counsel contacted Mr. Prior's loan officer. The loan officer sent counsel a copy of Mr. Prior's tri-merged credit report provided by Equifax Mortgage Solutions. Mr. Prior's tri-merged credit report included false information in the public record section of the report that the Somerhill judgment was still due and owing, *i.e.* unsatisfied in the amount of $1,736.00. The tri-merged credit report noted that Trans Union was reporting this false information.

5. Upon information and belief, Trans Union uses an automated and systematic procedure to gather and report derogatory civil judgments in consumer reports that it furnishers to users of its consumer reports. But Trans Union does not follow similar systematic procedures to gather information from the same courts when civil judgments are satisfied, vacated, or appealed. Trans Union's failure to use the same care in updating information on judgments that it uses in initially gathering information about judgments results in materially false and inaccurate negative credit information concerning satisfied, vacated, or non-final judgments being furnished concerning Kentucky consumers to users of Trans Union's consumer credit reports.

## JURISDICTION AND VENUE

6. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Jefferson County, Ky., which is located within this District.

## PARTIES

7. Plaintiff Ronald Prior is a natural person who resides in Jefferson County, Ky. Mr. Prior is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

8. Defendant Trans Union, LLC is a foreign limited liability company, with its principal place of business located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

9. Mr. Prior is a veteran of the armed forces of the United States of America.

10. In the late summer and fall of 2015, Mr. Prior began to search for a home.

11. As part of the process for buying a home, Mr. Prior contacted Veterans United Home Loans ("Veterans United") and applied for pre-approval of a home loan.

12. In connection with Mr. Prior's loan application, Veterans United requested, obtained, and reviewed Mr. Prior's tri-merged consumer credit report from Equifax Mortgage Solutions.

13. Mr. Prior's tri-merged consumer credit report included false negative information in the public-record section of his credit report.

14. In particular, Mr. Prior's tri-merged consumer credit report reflected an outstanding civil judgment with an outstanding balance of $1,736.00, with Somerhill Capital identified as the judgment creditor.

15. Mr. Prior's credit report stated that Trans Union supplied this false information concerning the Somerhill judgment.

16. The loan officer whom Mr. Prior was working with told Mr. Prior in no uncertain terms that Mr. Prior would not qualify for the loan until and unless the Somerhill judgment was satisfied.

17. Mr. Prior was shocked and dismayed by this news.

18. Mr. Prior contacted undersigned counsel for help with the Somerhill judgment. Mr. Prior was prepared to pay to the full amount of the judgment.

19. Counsel checked on online court dockets from the Administrative Office of the Courts of the State of Kentucky (www.kcoj.kycourts.net) to get some information about the Somerhill judgment.

20. A quick and simple review of the docket sheet for the case that gave rise to the Somerhill judgment (*Somerhill Capital v. Ronald Prior,* Jefferson District Court, Case No. 10-C-011402) revealed that Somerhill Capital entered a Notice of Satisfaction of judgment in the case on August 9, 2012.

21. Counsel later obtained a copy of the entered Notice of Satisfaction from the Jefferson District Court Clerk's office.

22. With Mr. Prior's permission, counsel contacted Mr. Prior's loan officer in order to provide Veterans United with proof that the Somerhill judgment had been satisfied so that Mr. Prior could qualify for a home loan.

23. As a direct result of Trans Union's false misrepresentations on his consumer credit report concerning the unsatisfied Somerhill judgment, Veterans United denied Mr. Prior's loan application.

24. As a direct result of Trans Union's false misrepresentations on his consumer credit report concerning the unsatisfied Somerhill judgment, Mr. Prior incurred fees and costs associated with correcting the false information and supplying his loan officer with the information that Veterans United needed to prove that the Somerhill judgment had been satisfied.

25. As a direct result of Trans Union's false misrepresentations on his consumer credit report concerning the unsatisfied Somerhill judgment, Mr. Prior suffered anxiety, stress, and upset.

26. The reporting of the judgment or judgments as unsatisfied was inaccurate in violation of the FCRA, 15 U.S.C. § 1681e(b). Trans Union failed to follow reasonable procedures to assure maximum possibility accuracy in the preparation of Mr. Prior's credit reports and credit files it publishes and maintains concerning Mr. Prior. If Trans Union had reasonable procedures in place, it would discovered the Somerhill's Notice of Satisfaction *before*

publishing Mr. Prior's credit report to Veterans United in connection with Mr. Prior's loan application.

27.  Trans Union failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with the satisfied *Somerhill* judgment.

## CLAIMS

### Class Claims for Violations of the Fair Credit Reporting Act

28.  Plaintiff Ronald Prior restates each of the allegations in the preceding paragraphs as if fully set forth herein.

29.  Trans Union, LLC violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it furnished to users concerning Mr. Prior and the Somerhill judgment.

30.  Trans Union's conduct, actions and inactions were willful, rendering Trans Union liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Trans Union was on clear notice that the failure to update public records with respect to judgments was problematic for Trans Union. Other lawsuits raising the same issue has been filed against Trans Union in this and other jurisdictions for the same failure.

31.  In the alternative, Trans Union's conduct, actions and inactions were negligent rendering Trans Union liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ronald Prior requests that the Court grant him the following relief:

1.  Award the maximum amount of statutory damages under 15 U.S.C. §1681n;

2.  Award Plaintiff Attorney's fees, litigation expenses and costs;

3.  Award Plaintiff actual damages under 15 U.S.C. §1692n or, in the alternative, under 15 U.S.C. § 1681o;

4   Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5.  A trial by jury; and

6.  Any other relief to which Plaintiff may be entitled.

-5-

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com